Dyan Finguerra-DuCharme
Joshua Weigensberg
Ryan S. Klarberg
PRYOR CASHMAN LLP
7 Times Square
New York, New York 10036
Tel: (212) 421-4100
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SEVEN FOR ALL MANKIND INTERNATIONAL SAGL, <br><br> Plaintiff, <br><br> - against - <br><br> PRINCE HOLLY YAN, LLC, AMAZON.COM, INC., JOHN DOES 1-10, JANE DOES 1-10 and XYZ COMPANIES 1-10, <br><br> Defendants. | Civil Action No. <br><br> **COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Seven for all Mankind International SAGL ("Plaintiff" or "7FAM International"), by its attorneys Pryor Cashman LLP, alleges as follows against Defendants Prince Holly Yan, LLC, Amazon.com, Inc. ("Amazon"), John Does 1-10, Jane Does 1-10 and XYZ Companies 1-10 (collectively, "Defendants"):

**NATURE OF ACTION**

1.     This is an action for willful trademark infringement and unfair competition, among other statutory and common law violations. Plaintiff 7FAM International is the owner of a number of renowned fashion brands, including ELLA MOSS®. 7FAM International uses the ELLA MOSS® mark for a variety of women's apparel, including dresses, skirts, pants, blouses, sweaters, and swimwear.  It has used the ELLA MOSS® mark continuously in interstate

commerce for more than 17 years, and has obtained three federal trademark registrations for the mark.

2. Internet giant Amazon, in a blatant effort to trade upon the goodwill and notoriety of the ELLA MOSS® mark, has launched a private-label brand selling women's apparel, including dresses and blouses, on its e-commerce websites and elsewhere under the trademark ELLA MOON. Amazon uses its infringing ELLA MOON mark on and in connection with the same types of women's apparel, and in the same "bohemian-chic" casual style, as the ELLA MOSS® brand. Through defendant Prince Holly Yan, LLC ("PHY"), which, on information and belief, Amazon wholly owns and controls, Amazon has indicated its intention to expand its use of the infringing ELLA MOON mark to additional types of women's apparel for which the ELLA MOSS® mark has long been used, including skirts, pants, and sweaters.

3. Despite correspondence from 7FAM International to PHY demanding that it cease and desist its infringing activities, Defendants continued to sell and market products using the infringing ELLA MOON mark. Defendants' actions constitute willful infringement.

4. Defendants' actions have caused and are causing immediate and irreparable harm to 7FAM International. To redress the harm that the Defendants are causing to 7FAM International and to the public, 7FAM International brings claims for trademark infringement under Section 32(1) of the United States Trademark Act of 1946, as amended (the "Lanham Act"), 15 U.S.C. § 1114(1); unfair competition and false endorsement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and related claims under statutory and common law. 7FAM International seeks injunctive and monetary relief on account of Defendants' egregious, willful and wanton activities, including exemplary damages, attorneys' fees and costs.

## PARTIES

5.  Plaintiff 7FAM International is a Swiss limited liability company, with an address at Via Penate 4, Mendrisio, Switzerland 6850.  7FAM International is the owner of the ELLA MOSS® mark.

6.  Upon information and belief, defendant PHY is a Delaware limited liability company, with an address of 103 Foulk Rd., Suite 202, Wilmington, Delaware 19803 in the United States.  According to the intent-to-use application filed with the United States Patent and Trademark Office, PHY is the owner of the ELLA MOON mark.

7.  Upon information and belief, defendant Amazon is a Delaware corporation with a principal corporate office in Seattle, Washington.

8.  Upon information and belief, Amazon wholly owns, either directly or indirectly, defendant PHY.

9.  Upon information and belief, Defendants identified as John Does 1-10 are individuals and/or entities that are not presently known, and the Complaint herein will be amended to include the name or names of these individuals or entities when such information becomes available.

10.  Upon information and belief, Defendants identified as Jane Does 1-10 are individuals who acted for, in concert with or through the named Defendants, and are subject to the jurisdiction of this Court.  The identities of the various Jane Does are not presently known, and the Complaint herein will be amended to include the name or names of these individuals when such information becomes available.

11.  Upon information and belief, Defendants identified as XYZ Companies 1-10, have, through their agents, servants and employees, acted for, in concert with, through, over or

under the named Defendants, and are subject to the jurisdiction of this Court. The identities of the various XYZ Companies are not presently known, and the Complaint herein will be amended to include the name or names of these companies when such information becomes available.

## JURISDICTION AND VENUE

12. This case is a civil action arising under the Lanham Act, 15 U.S.C. § 1051, *et seq*. This Court has subject matter jurisdiction over the claims in this Complaint that relate to trademark infringement and unfair competition pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338(a) & (b).

13. This Court has supplemental jurisdiction over the claims in this Complaint that arise under state common law of the State of New York pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

14. This Court has personal jurisdiction over Defendants because, upon information and belief, Defendants are doing business in New York, have contracted to supply goods or services in New York, the claims at issue arise out of their transaction of business and/or supplying goods and services directed to consumers residing in New York, and/or Defendants have committed infringing acts outside of New York causing injury to 7FAM International in New York and/or Defendants regularly do or solicit business in New York and/or derive substantial revenue from goods used or services rendered in New York and/or expect or reasonably should expect their infringing conduct to have consequences in New York and derive substantial revenue from interstate commerce. These activities fall within the long-arm statute of the State of New York, C.P.L.R. §§ 301 and 302(a).

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the Defendants are transacting business and committing tortious acts within the State of New York and this District.

## FACTS

I. **Plaintiff and the ELLA MOSS® Brand**

16. ELLA MOSS® is a contemporary fashion brand featuring feminine, fashion-forward, modern designs inspired by travel, vintage finds, art and music.  The ELLA MOSS® collection combines bohemian and modern elements to create a look and feel of laid-back sophistication reminiscent of the brand's Los Angeles roots.  ELLA MOSS® was founded in 2001 by designer Pamella Protzel Scott.

17. ELLA MOSS® products are sold at department stores, such as Bloomingdale's, Neiman Marcus, Nordstrom and Saks Fifth Avenue, and at specialty stores and other retailers domestically and abroad, including Anthropologie.  ELLA MOSS® products are also sold online, including through online retail websites <shopbop.com> and, most notably, <amazon.com>.

18. 7FAM International owns registrations for the ELLA MOSS mark in the U.S. and around the world for use on and in connection with a wide variety of goods.  In the U.S., 7FAM International has obtained the following three registrations for the ELLA MOSS mark:

| Mark | Reg. No. | Goods |
| --- | --- | --- |
| ELLA MOSS | 2,755,665 | Clothing, namely, T-shirts, tank tops, sweatshirts, shorts, jackets, skirts, blouses, swimwear, dresses, in Class 25. |
| ELLA MOSS | 4,743,857 | Handbags; purses; tote bags; satchels, in Class 18 |
| ELLA MOSS | 4,756,212 | Sleepwear, lingerie, undergarments, bras, panties, robes, camisoles, loungewear, in Class 25 |

7FAM International also owns worldwide registrations for the ELLA MOSS mark, including, but not limited to, in Mexico, Canada, Australia, India, and the E.U.  *See, e.g.*, Mexico Reg. Nos. 1419580 and 1472206; Canada Reg. Nos. TMA800986 and TMA720431; Australia Reg. Nos. 1260613, 1175895 and 1584202; India Reg. No. 1737483; and Community Trademark Nos. IR0863530, 6554794, and 11611233.

19. To maintain the strength of its rights in the ELLA MOSS® mark, 7FAM International vigilantly protects and enforce its intellectual property rights on a worldwide basis.

20. None of the Defendants herein has been licensed or otherwise authorized to manufacture, market, promote or sell products bearing the ELLA MOSS® mark.

## II. Defendants' Adoption of the Confusingly Similar ELLA MOON Mark

21. On or about January 23, 2017, defendant PHY filed an intent-to-use application for the ELLA MOON mark with the United States Patent and Trademark Office, Serial No. 87/311,011.  PHY applied to register the mark in Class 18 for

> Purses, and handbags, all-purpose carrying bags, tote bags, traveling bags, shoulder bags, clutch purses, backpacks, athletic bags, wallets, coin purses and cosmetic bags sold empty

and in Class 25 for

> Clothing, footwear, and headgear, namely, blouses, shirts, t-shirts, sweatshirts, pants, denim jeans, slacks, shorts, skirts, tunics, tank tops, dresses, sweaters, scarves, jackets and coats, raincoats, fashion headbands and hats, belts, sleepwear, lingerie, socks, gloves, and hosiery[.]

22. While PHY is nominally the owner of the ELLA MOON mark, Amazon has acknowledged repeatedly that ELLA MOON is one of its in-house brands, both explicitly in the press and, on its own e-commerce platform, implicitly through the inclusion of the phrase "Our Brand" at certain points where ELLA MOON products are displayed.

6

23. Defendants' ELLA MOON mark is substantially similar to Plaintiff's ELLA MOSS® mark in sound, appearance, connotation and commercial impression. The first and dominant term in each mark, "ELLA", is the same. The second term in each mark is a monosyllabic four-letter word beginning with the letters "M" and "O." The terms "MOON" and "MOSS" each evokes nature and the outdoors. For these reasons, among others, the marks create the same commercial impression.

24. By summer or fall of 2017 (and possibly earlier), Amazon began selling women's apparel using the ELLA MOON mark. From the very outset of its infringing use, Amazon has used the ELLA MOON mark on and in connection with dresses and blouses. On information and belief, at the time it launched its ELLA MOON dress and blouses line, Amazon knew that Plaintiff also used the ELLA MOSS® mark with dresses and blouses (and had done so for years) and intended to profit off of the renown and notoriety of the ELLA MOSS® brand. In fact, Amazon was offering ELLA MOSS® clothing for sale on the Amazon platform at the time Defendants launched its ELLA MOON product line on the same website.

25. Long before Defendants launched its ELLA MOON private label clothing brand, Plaintiff offered for sale ELLA MOSS® clothing under product names that incorporate the term MOON. For example, Plaintiff offers for sale clothing under the names ELLA MOSS MOON SHADOW and ELLA MOSS MOON LIGHT. In fact, Amazon currently offers for sale both Plaintiff's ELLA MOSS MOON SHADOW and ELLA MOSS MOON LIGHT clothing.

26. Plaintiff and Defendants offer for sale their clothing under the ELLA MOSS® and ELLA MOON marks, respectively, at similar price points.

27. Upon information and belief, in its product development, marketing and sales methods, Amazon has exacerbated the likelihood of consumer confusion because ELLA MOON

7

clothing is strikingly similar to ELLA MOSS® clothing in visual appearance. The following table illustrates just a few of the many products where Amazon's ELLA MOON line mimics the same modern bohemian look as the ELLA MOSS® line:

| **ELLA MOSS clothing** | **ELLA MOON clothing** |
|---|---|
| Gypsy Mosaic Cold Shoulder | Evangeline Short Sleeve Border Print Top |
| Caprice Long-Sleeve Shift Dress | Evey Long Sleeve Center Embroidered with Tassels |



| Adara Floral Dress | Brantley Ruffled A-Line Smocked Dress |

28. Upon information and belief, Defendants offer for sale ELLA MOON clothing that is manufactured using inferior, cheaper and lower-quality materials.

29. The ELLA MOSS® and ELLA MOON products are offered for sale on Defendant Amazon's <amazon.com> e-commerce platform as well as the website <shopbop.com>, which is also owned by Amazon. Customers on Defendant Amazon's <amazon.com> and <shopbop.com> e-commerce platforms are likely to encounter the ELLA MOSS® and ELLA MOON products on the very same webpage, and even on the very same row of product offerings, as illustrated by the following extract from a set of search results on <amazon.com>:



9

30.     Upon information and belief, Amazon has further exploited the close similarity between Plaintiff's ELLA MOSS® mark and its ELLA MOON mark by programming its <amazon.com> and <shopbop.com> e-commerce platforms to lead customers seeking ELLA MOSS® products to instead view ELLA MOON products. Specifically, on information and belief, Amazon's "Suggested" search results prioritize its ELLA MOON products over Plaintiff's ELLA MOSS® products, as does Amazon's suggested search feature:



31.     Upon information and belief, Amazon has further exploited the close similarity between Plaintiff's ELLA MOSS® mark and its ELLA MOON mark on both Amazon.com and Shopbop.com – when customers visit a product listing page for Plaintiff's ELLA MOSS® clothing on these websites, they are simultaneously bombarded with listings for Defendants'

similar-looking and slightly lower priced ELLA MOON clothing.  For example, when visitors view a page listing for one of Plaintiff's ELLA MOSS® casual dresses on Shopbop.com, directly under the image of Plaintiff's dress, visitors may notice a number of clickable listings to cheaper ELLA MOON casual dresses under the section title "YOU ALSO MIGHT LIKE".

**III.    7FAM International's Enforcement Efforts Against Defendants to Date**

32.    On or about March 15, 2017, less than two months after PHY filed the U.S. ELLA MOON trademark application, counsel for 7FAM International wrote to PHY and demanded that PHY withdraw the U.S. application along with applications PHY filed in Mexico, Canada, Brazil, Australia, India, the U.K. and the E.U.  In that letter, 7FAM International also demanded that PHY, among other things, agree to cease using the ELLA MOON mark in relation to any goods in Class 18 (leather goods), Class 25 (clothing, footwear, and headgear), and Class 35 (advertising and retail services).

33.    On or about April 13, 2017, counsel for PHY responded to 7FAM International's letter.  In willful disregard of 7FAM International's intellectual property rights, of which PTY was on actual notice (and, through PTY, Amazon), Defendants ignored Plaintiff's demands.

34.    Since that initial exchange, counsel for 7FAM International and PHY have exchanged a number of additional letters regarding the ELLA MOON mark.

35.    Most recently, on or about January 22, 2017, 7FAM International wrote again to PHY and presented further evidence of the likelihood of consumer confusion between the ELLA MOSS® mark and the ELLA MOON mark.  PHY did not respond to that letter, and Defendants continued using the ELLA MOON mark as described above.  Such ongoing conduct reflects Defendants' defiance and willful intent to infringe and violate 7FAM International's rights.

36. On or about the same day as it sent its most recent letter, 7FAM International also filed an opposition with the Trademark Trial and Appeal Board, opposing PHY's application to register the ELLA MOON mark (Proceeding No. 91239075).

### IV. 7FAM International is Suffering Irreparable Harm

37. Defendants have undertaken activities in connection with the sale and promotion of products that are likely to cause consumer confusion as to the source or origin of their goods. In particular, consumers are likely to mistakenly believe that Plaintiff is the source of Defendants' products bearing the ELLA MOON mark, or at a minimum, that Plaintiff is affiliated with, sponsored or has endorsed such products.

38. The likelihood of confusion, mistake and deception created by Defendants' sale of the infringing products is causing irreparable harm to 7FAM International and the goodwill associated with its ELLA MOSS® brand.

39. Upon information and belief, Defendants undertook the actions described herein with the deliberate intent to create confusion as to the source, sponsorship and quality of Defendants' products.

40. Upon information and belief, Defendants undertook the actions described herein to mislead consumers into believing that 7FAM International has endorsed, sponsored or is somehow associated with the ELLA MOON products.

41. Upon information and belief, Defendants adopted the ELLA MOON mark to, at a minimum, call to mind the ELLA MOSS® mark and its associated line of women's apparel.

42. Defendants' conduct described herein is intentional, fraudulent, malicious, willful and wanton.

43. Defendants' conduct has injured Plaintiff, and if not enjoined, will continue to injure 7FAM International.

44. Defendants' unlawful actions described herein commenced nearly two decades after 7FAM International began using the ELLA MOSS® mark in the United States and nearly 15 years after 7FAM International first registered the ELLA MOSS® mark in the United States.

45. 7FAM International will suffer irreparable harm to its business reputation and the goodwill associated with the ELLA MOSS® mark because it has no control over Defendants' products.

46. Defendants' deceptive conduct is harming the public in addition to harming 7FAM International and the ELLA MOSS® brand.

**FIRST CLAIM**
**FEDERAL TRADEMARK INFRINGEMENT**
**15 U.S.C. § 1114**
**(Against All Defendants)**

47. Plaintiff hereby repeats and realleges the foregoing Paragraphs of the Complaint as if fully set forth herein.

48. Plaintiff owns all right, title and interest in and to the ELLA MOSS® mark.

49. Defendants have used in commerce, without Plaintiff's permission, the ELLA MOON trademark in a manner that is likely to cause confusion or mistake or deceive purchasers as to the source of Defendants' goods and/or cause consumers to mistakenly believe that there is an affiliation, connection, approval, sponsorship or association of Plaintiff and/or Plaintiff's goods, services and commercial activities, on the one hand, with Defendants and/or their respective goods, services or commercial activities, on the other hand.

50. Defendants' acts constitute infringement of the ELLA MOSS® trademark under 15 U.S.C. § 1114.

51. As a direct and proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to suffer damage to its trademark rights, business reputation and goodwill. Unless restrained, Defendants will continue to use marks confusingly similar to the ELLA MOSS® mark and will cause irreparable damage to Plaintiff. Plaintiff has no adequate remedy at law and is entitled to an injunction restraining Defendants, their respective officers, agents, and employees, and all persons acting in concert with Defendants, from engaging in further acts of infringement.

52. Plaintiff is further entitled to recover from Defendants the actual damages that it has sustained and/or is likely to sustain as a result of Defendants' wrongful acts.

53. Plaintiff is further entitled to recover from Defendants the gains, profits and advantages that Defendants have obtained as a result of their wrongful acts.

54. Because of the willful nature of Defendants' wrongful acts, Plaintiff is entitled to an award of exemplary damages under the common law, and treble damages, increased profits and its reasonable attorneys' fees under 15 U.S.C. § 1117.

**SECOND CLAIM**
**FEDERAL UNFAIR COMPETITION**
**15 U.S.C. § 1125(A)**
**(Against All Defendants)**

55. Plaintiff hereby repeats and realleges the foregoing Paragraphs of the Complaint as if fully set forth herein.

56. Plaintiff owns all right, title and interest in and to the ELLA MOSS® mark.

57. Defendants have used in commerce marks that are substantially similar to the ELLA MOSS® mark on women's apparel products.

58. Defendants' unlawful acts in appropriating rights in the ELLA MOSS® mark are and were intended to co-opt Plaintiff's goodwill for Defendants' own pecuniary gain.

59. Defendants' use of the ELLA MOON mark, which is confusingly similar to Plaintiff's ELLA MOSS® mark, has caused and is likely to cause confusion as to the source of Defendants' products, all to the detriment of Plaintiff.

60. Defendants' conduct as alleged herein, including their use of the ELLA MOON mark on merchandise, constitutes a false designation of origin as such conduct is likely to cause confusion and/or to deceive users and consumers as to the origin, sponsorship, affiliation, connection and/or association of Plaintiff with Defendants' goods and/or services.

61. Defendants' use of the ELLA MOON mark is calculated and intended to deceive and is likely to deceive consumers into believing that Defendants' ELLA MOON-branded products are Plaintiff's merchandise and/or that Plaintiff is associated with the merchandise.

62. Defendants are capitalizing on and profiting from the likely consumer confusion between their use of the ELLA MOON mark, on the one hand, and Plaintiff's use of the ELLA MOSS® mark, on the other hand.

63. Plaintiff does not now and has never sponsored or approved or authorized Defendants' use of the ELLA MOON mark or other intellectual property.

64. Defendants' conduct is willful and deliberate and done with the intent to unfairly commercially benefit from the goodwill associated with the ELLA MOSS® mark and with Plaintiff more generally.

65. The foregoing acts of Defendants constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

66. Defendants' unfair competition has caused and is causing great and irreparable harm and damage to Plaintiff, and unless permanently restrained and enjoined by this Court, such irreparable harm will continue.

67. As a direct and proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to suffer damage to its trademark rights, business reputation and goodwill. Unless restrained, Defendants will continue to use marks confusingly similar to the ELLA MOSS® mark and will cause irreparable damage to Plaintiff. Plaintiff has no adequate remedy at law and is entitled to an injunction restraining Defendants, their respective officers, agents, and employees, and all persons acting in concert with Defendants, from engaging in further acts of infringement and unfair competition.

68. Plaintiff is further entitled to recover from Defendants the actual damages that it sustained and/or is likely to sustain as a result of Defendants' wrongful acts.

69. Plaintiff is further entitled to recover from Defendants the gains, profits and advantages that Defendants have obtained as a result of their wrongful acts.

70. Because of the willful nature of Defendants' wrongful acts, Plaintiff is entitled to an award of exemplary damages under the common law, and treble damages, increased profits and its reasonable attorneys' fees under 15 U.S.C. § 1117.

## THIRD CLAIM
### CONTRIBUTORY TRADEMARK INFRINGEMENT
### (Against Amazon)

71. Plaintiff hereby repeats and realleges the foregoing Paragraphs of the Complaint as if fully set forth herein.

72. Amazon is engaging in contributory infringing conduct, including, but not limited to, the promotion, advertisement, manufacturing, on-site storage, offering for sale, sale and distribution of infringing products that use the ELLA MOON mark in violation of the Lanham Act.

73. Upon information and belief, Amazon has deliberately disregarded Plaintiff's notification of the infringing, unauthorized products offered for sale at Amazon's amazon.com e-commerce platform and elsewhere, and have otherwise consciously avoided learning about the full extent of its own infringing activity.

74. Amazon has materially encouraged, enabled, and contributed to the sale of ELLA MOON-branded products that infringe Plaintiff's rights.

75. Amazon has benefitted financially from its contributory infringing activities, including, but not limited to, from the sale of ELLA MOON-branded products.

76. The acts of Amazon have caused and are causing great and irreparable harm and damage to Plaintiff, and unless permanently restrained and enjoined by this Court such irreparable harm will continue.

77. As a direct and proximate result of Amazon's actions as stated herein, Plaintiff has suffered damage to its reputation and damage to the goodwill associated with the ELLA MOSS® mark.

## FOURTH CLAIM
### NEW YORK COMMON LAW UNFAIR COMPETITION
**(Against All Defendants)**

78. Plaintiff hereby repeats and realleges the foregoing Paragraphs of the Complaint as if fully set forth herein.

79. Plaintiff owns all right, title and interest in and to the ELLA MOSS® mark.

80. Consumers identify the ELLA MOSS® mark exclusively with Plaintiff.

81. Plaintiff has expended substantial time, resources and effort to develop and obtain a strong reputation in the marketplace and enormous goodwill in the ELLA MOSS® mark.

82. Defendants have infringed the ELLA MOSS® mark through their use of the confusingly similar ELLA MOON mark. Defendants' unlawful acts are intended to capitalize on Plaintiff's goodwill for Defendants' own pecuniary gain.

83. Defendants' use of the ELLA MOON mark is calculated to and is likely to create confusion, deceive and mislead consumers into believing that Defendants' products originate with or are authorized by Plaintiff, and is likely to cause confusion as to the source of Defendants' products, all to the detriment of Plaintiff.

84. Defendants' acts as alleged herein constitute unfair competition and will, unless enjoined by the Court, continue to result in harm to the goodwill associated with Plaintiff.

85. Upon information and belief, Defendants committed the acts alleged herein willfully and with the intent to confuse the public and to injure Plaintiff.

86. The acts of Defendants have caused and are causing great and irreparable harm and damage to Plaintiff, and unless permanently restrained and enjoined by this Court, such irreparable harm will continue.

87. As a direct and proximate result of Defendants' actions as stated herein, Plaintiff has suffered damage to its reputation and damage to the goodwill of its ELLA MOSS® mark. Further, Plaintiff is entitled to exemplary damages as a result of Defendants' malicious actions as described above.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants, and their respective partners, agents and employees, and any and all persons in active concert or participation with Defendants, and each of their heirs, executors, administrators, successors, licensees, assigns, subsidiaries, parents, affiliates, divisions, co-venturers, partners, officers,

directors, employees, agents, shareholders, managers, representatives, consultants and any and all other persons, corporations or other entities acting under the supervision, direction, control or on behalf of any of the foregoing as follows:

       1.       Preliminarily and permanently enjoining Defendants, and their respective partners, agents and employees, and any and all other persons in active concert or participation with Defendants, and each of their heirs, executors, administrators, successors, licensees, assigns, subsidiaries, parents, affiliates, divisions, co-venturers, partners, officers, directors, employees, agents, shareholders, managers, representatives, consultants and any and all other persons, corporations or other entities acting under the supervision, direction, control or on behalf of any of the foregoing from (a) using the ELLA MOON mark or any other mark that is confusingly similar to the ELLA MOSS® mark in connection with the marketing, promotion, offering, rendering, sale or other use in commerce of any product, in any manner that may cause confusion or mistake or may deceive the public into believing that such products originate with Plaintiff or that there is any affiliation or connection with Plaintiff, and from otherwise competing unfairly with Plaintiff; (b) assisting, aiding or abetting any other person or entity in the use of the ELLA MOON mark or any other mark that is confusingly similar to the ELLA MOSS® mark in connection with the marketing, promotion, offering, rendering, sale or other use in commerce of any products, in any manner that may cause confusion or mistake or may deceive the public into believing that such products originate with Plaintiff or that there is any affiliation or connection with Plaintiff; (c) using any of Plaintiff's intellectual property, including the ELLA MOSS® mark, or any confusingly similar marks; and (d) representing by any means whatsoever, directly or indirectly, or doing any other acts or things calculated or likely to cause confusion, mistake or to deceive the public into believing that any of Defendants' goods or services, or websites or

stores originate with Plaintiff or that there is any affiliation or connection between Plaintiff and Defendants, and from otherwise competing unfairly with Plaintiff;

2. Awarding Plaintiff damages in amounts to be determined at trial, including compensatory, statutory damages and exemplary damages;

3. Awarding an accounting to Plaintiff for the gains and profits of the Defendants and for the damages sustained by Plaintiff as a result of the willful, intentional and wrongful conduct of Defendants;

4. Awarding Plaintiff treble damages on account of the willful nature of the Defendants' infringing acts for an amount to be determined at trial;

5. Requiring Defendants to pay Plaintiff their costs and expenses in this action, including attorneys' fees and costs; and

6. Granting Plaintiff such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 18, 2018

Respectfully submitted,

PRYOR CASHMAN LLP

_____
Dyan Finguerra-DuCharme
Joshua Weigensberg
Ryan S. Klarberg
7 Times Square
New York, New York 10036
Telephone: (212) 421-4100
Fax: (212) 798-6369
dfinguerra-ducharme@pryorcashman.com
jweigensberg@pryorcashman.com
rklarberg@pryorcashman.com
*Attorneys for Plaintiff*

20